## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| DAVID YURMAN ENTERPRISES LLC, and DAVID YURMAN IP LLC, <br><br>      *Plaintiffs*, <br><br> v. <br><br> SAM'S EAST, INC. and SAM'S WEST, INC., <br><br>      *Defendants*. | Civil No.: 4:14-cv-2553 <br><br> **COMPLAINT** |

Plaintiffs David Yurman Enterprises LLC, and David Yurman IP LLC (collectively, "Yurman"), by and through their undersigned counsel, complain of defendants Sam's East, Inc. and Sam's West, Inc. (collectively, "Sam's Club"), and allege as follows:

### NATURE OF THE ACTION

1.      Yurman seeks injunctive and monetary relief for acts of trademark infringement, false designation of origin, tortious interference with Yurman's contractual relations, and unfair competition, engaged in by Sam's Club in violation of the laws of the United States and the common law of the State of Texas.

2.      This case concerns Sam's Club's wrongful, unauthorized promotion and sale of DAVID YURMAN-branded jewelry products in several locations in this District, other stores throughout the United States, and through its website, www.samsclub.com .  As described more fully below, upon information and belief, Sam's Club not only tortiously interfered with and intentionally induced the breach of Yurman's contractual relations with one or more of its authorized retailers, but also wrongfully made use of the famous DAVID YURMAN trademark in a manner that suggests Sam's Club is authorized by Yurman to sell DAVID YURMAN-

branded jewelry products, when Yurman has in fact never provided Sam's Club with permission to do so.

3.　　First, upon information and belief, Sam's Club could not have acquired the DAVID YURMAN-branded jewelry products that is has sold and continues to offer for sale without intentionally inducing one or more Yurman authorized retailers to sell the products to Sam's Club in violation of their Authorized Retailer Agreements. Upon information and belief, Sam's Club could only have obtained the inventory that it is offering for sale through the knowing solicitation and procurement of DAVID YURMAN jewelry products from one or more of Yurman's authorized retailers, in intentional interference with the retailers' Authorized Retailer Agreements with Yurman.

4.　　Second, upon information and belief, Sam's Club's unauthorized use of Yurman's famous DAVID YURMAN trademark in its well-known stylized form, as well as other point-of-sale materials that are only authorized for use by Yurman's network of authorized retailers, all in connection with its promotion and sale of wrongfully acquired DAVID YURMAN jewelry products, has been done with the intention of creating the false impression that Sam's Club has an association or authorized retailer relationship with Yurman.

5.　　 Upon information and belief, Sam's Club can only have undertaken these wrongful acts with full knowledge that Yurman sells its DAVID YURMAN jewelry products through an exclusive network of authorized retailers who receive specialized training regarding such products and the manner in which they are to be displayed and promoted, and that those retailers are strictly prohibited, under their Authorized Retailer Agreements with Yurman, from transshipping DAVID YURMAN jewelry products.

6.　　Upon information and belief, Sam's Club can only have acquired the inventory

of DAVID YURMAN jewelry products that it is selling in its stores in Texas and throughout the country, by actively seeking out and purchasing, directly or indirectly, DAVID YURMAN jewelry products, which Sam's Club only can have accomplished by inducing one or more of Yurman's authorized retailers to breach their contracts with Yurman.

7.      Therefore, not only has Sam's Club's conduct created the false impression that Yurman has approved Sam's Club as a member of its exclusive network of authorized retailers, but, upon information and belief, the very DAVID YURMAN jewelry products offered for sale by Sam's Club can only have been obtained by inducing the breach of the Authorized Retailer Agreements signed between Yurman and one or more of its authorized retailers.

## JURISDICTION AND VENUE

8.      This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 15 U.S.C. § 1121, as an action for violation of the Lanham Act, 15 U.S.C. §§ 1051 *et seq*.  This court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, since the remaining claims for tortious interference with contract and unfair competition are related to and arise from the same set of facts as Yurman's federal claims for trademark infringement and false designation of origin.

9.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), in that, among other things, a substantial part of the events giving rise to the claims herein occurred in this judicial district.  In fact, Sam's Club currently is selling DAVID YURMAN-branded jewelry products in at least five stores in Harris County, one store in Fort Bend County, and one store in Montgomery County, Texas.

## THE PARTIES

10.      Plaintiff David Yurman Enterprises LLC is a limited liability company organized and existing under the laws of the State of New York, with its principal place of

business at 24 Vestry Street, New York, New York 10013.

11.     Plaintiff David Yurman IP LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 24 Vestry Street, New York, New York 10013.

12.     Yurman also maintains company-owned brick-and-mortar retail boutiques throughout the country, including within this judicial district.  In addition, there are numerous authorized retailers of DAVID YURMAN jewelry products throughout the country, including five within this judicial district.  Collectively, these boutiques and authorized retail accounts constitute a significant volume of Yurman's sale of DAVID YURMAN-branded jewelry products.

13.     Upon information and belief, defendants Sam's East, Inc. and Sam's West, Inc. are corporations existing under the laws of the State of Arkansas, with their principal place of business at 2101 S. Simple Savings Drive, Bentonville, Arkansas 72712.  Sam's Club maintains several of its brick-and-mortar "wholesale clubs" within this judicial district.

14.     Sam's East, Inc. and Sam's West, Inc. each maintain a Registered Agent in the State of Texas.  Sam's East, Inc. may be served at its Registered Agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.  Sam's West, Inc. maintains the same Registered Agent, and thus also may be served at C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## FACTS GIVING RISE TO THIS ACTION

### A.     Yurman's Business and Trademarks

15.     Yurman is a well-known designer, manufacturer and supplier of unique fine jewelry and luxury jewelry designs sold under the famous DAVID YURMAN brand name. Since its inception in 1980, Yurman has set new standards for designing and marketing jewelry,

infusing the disciplines of art and fashion into the jewelry design process.  Today, Yurman is well-known by consumers and the trade for the quality of its products, the innovation and uniqueness of its designs, and its technological developments in jewelry design.

16.     Yurman is the owner of numerous registrations for the famous and highly distinctive trademark DAVID YURMAN, which is widely recognized by consumers as identifying Yurman as the source of its jewelry.  True and correct copies of Yurman's trademark registration certificates for the DAVID YURMAN mark are attached hereto as Exhibit A. Yurman also consistently uses its mark in the well-known "Yurman font", to wit:

# DAVID YURMAN

17.     DAVID YURMAN jewelry products are marketed to fashion-conscious consumers, and are sold only through Yurman-owned boutiques and a carefully selected network of authorized retailers, consisting of specialty stores and high-end department stores.  Each of Yurman's authorized retailers receives special training regarding DAVID YURMAN jewelry products, and is instructed as to how they should be presented to consumers.

18.     As a prerequisite to becoming a part of its carefully selected authorized retail network, Yurman requires that each of its retailers sign an Authorized Retailer Agreement (the "Agreement"), which requires that such retailer sell DAVID YURMAN products only at the location designated in the Agreement, and expressly prohibits the transshipment, diversion, or transfer of any DAVID YURMAN products to any other party.

19.     Yurman's requirement that each of its authorized retailers contractually agree not to transfer any DAVID YURMAN jewelry products to any other party is well known in the retail industry, particularly among retailers of jewelry products.  Upon information and belief, Sam's Club was fully aware of this at all relevant times.

B.     **Defendants' Wrongful Conduct**

20.     Sam's Club is in the business of operating a national mass merchandiser or "wholesale club," and advertising, promoting, distributing, selling and/or offering for sale a variety of discounted and/or bulk products at retail, including, among other things, articles of jewelry.  To the extent it possibly can, Sam's Club endeavors to sell well known branded products at its retail locations.

21.     Sam's Club sells its products in Sam's Club stores located throughout the United States, and via the Internet through its website, www.samsclub.com.

22.     Sam's Club currently is selling DAVID YURMAN-branded jewelry products in at least five stores in Harris County, one store in Fort Bend County, and one store in Montgomery County, Texas.

23.     Based on the inventory of DAVID YURMAN jewelry products that Sam's Club has obtained and is offering for sale in Texas, upon information and belief, Sam's Club intentionally sought out, directly or indirectly, and purchased, DAVID YURMAN jewelry products from one or more of Yurman's authorized retailers.

24.     Upon information and belief, based on knowledge in the industry of Yurman's Authorized Retailer Agreements, Sam's Club was aware that each of those authorized retailers was contractually prohibited from selling DAVID YURMAN jewelry products to Sam's Club.

25.     Further, Sam's Club is actively advertising and promoting such wrongfully acquired DAVID YURMAN jewelry products within its stores, and has prominently advertised and promoted the sale of such products through its website (www.samsclub.com), in an effort to drive foot traffic to its stores, all without authorization or license.  In particular, Sam's Club is displaying DAVID YURMAN jewelry products while also making prominent use of the DAVID YURMAN trademark in its well-known stylized form, using DAVID YURMAN placards,

packaging materials and what purport to be Yurman-issued certificates of authenticity.  Such

conduct creates the false impression that Sam's Club is among Yurman's network of authorized

retailers, and has caused consumer confusion and disappointment.  For example, Sam's Club has

been unable, at the point of sale, to service customers purchasing and/or attempting to purchase

DAVID YURMAN jewelry products sold in its stores, as would an authorized Yurman retailer.

26.     Sam's Club's aggressive and continued advertisement, display, and sale of

DAVID YURMAN products as aforesaid has harmed, and continues to harm Yurman and its

relationships with its authorized retailers, several of whom who have complained to Yurman

about the sale of DAVID YURMAN products at Sam's Club.

27.     After it discovered Sam's Club's unauthorized use of its stylized DAVID

YURMAN trademark and resale of its wrongfully acquired jewelry products, Yurman

demanded, among other things, that Sam's Club cease and desist from such activities, and

identify the authorized Yurman retailer or retailers from whom it improperly solicited and

procured DAVID YURMAN jewelry products.  Sam's Club has refused to do so.

**FIRST CLAIM FOR RELIEF**
**TRADEMARK INFRINGEMENT IN VIOLATION OF**
**15 U.S.C. § 1114**

28.     The allegations set forth in paragraphs 1 through 27 hereof are adopted and

incorporated by reference as if fully set forth herein.

29.     By offering DAVID YURMAN-branded jewelry products in its stores, while at

the same time making prominent use of the DAVID YURMAN trademarks in the form of

Yurman certificates of authenticity, placards, and other Yurman materials made available only to

Yurman's authorized retailers, Sam's Club is creating the false impression that it is authorized to

sell DAVID YURMAN-branded products at discounted prices at retail, that its sale of DAVID

YURMAN-branded products has been authorized or sponsored by Yurman, and/or that such DAVID YURMAN-branded products have been sourced directly from Yurman, when in fact none of these things are true.

30.     Sam's Club's use of the DAVID YURMAN trademark is likely to cause confusion or mistake as to an affiliation, connection or association between Yurman and Sam's Club, or as to the origin, sponsorship, or approval of Sam's Club's sale and offering for sale of DAVID YURMAN jewelry products.

31.     Sam's Club's activities as alleged herein constitute willful trademark infringement in violation of 15 U.S.C. § 1114, such that Yurman is entitled to actual damages, profits, and attorneys' fees.

32.     Sam's Club's acts have irreparably harmed Yurman and, unless enjoined, will continue to do so in a manner affording Yurman no adequate remedy at law.

33.     Sam's Club has refused to desist from these wrongful acts, and therefore Sam's Club has indicated that it intends to continue its unlawful conduct, unless restrained by this Court.

### SECOND CLAIM FOR RELIEF
### FALSE DESIGNATION OF ORIGIN IN VIOLATION OF
### 15 U.S.C. § 1125(a)

34.     The allegations set forth in paragraphs 1 through 33 hereof are adopted and incorporated by reference as if fully set forth herein.

35.     By offering DAVID YURMAN-branded jewelry products in its stores, while at the same time making prominent use of the DAVID YURMAN trademarks in the form of Yurman certificates of authenticity, placards, and other Yurman materials made available only to Yurman's authorized retailers, Sam's Club is creating the false impression that it is authorized to

sell DAVID YURMAN-branded products at discounted prices at retail, that its sale of DAVID YURMAN-branded products has been authorized or sponsored by Yurman, and/or that such DAVID YURMAN-branded products have been sourced directly from Yurman, when in fact none of these things are true.

36.      Sam's Club's use of the DAVID YURMAN trademark is likely to cause confusion or mistake as to an affiliation, connection or association between Yurman and Sam's Club, or as to the origin, sponsorship, or approval of Sam's Club's sale and offering for sale of DAVID YURMAN jewelry products.

37.      Sam's Club's activities as alleged herein constitute a false designation of origin in violation of 15 U.S.C. § 1125(a), such that Yurman is entitled to actual damages, profits, and attorneys' fees.

38.      Sam's Club's acts have irreparably harmed Yurman and, unless enjoined, will continue to do so in a manner affording Yurman no adequate remedy at law.

39.      Sam's Club has refused to desist from these wrongful acts, and therefore Sam's Club has indicated that it intends to continue its unlawful conduct, unless restrained by this Court.

**THIRD CLAIM FOR RELIEF**
**TORTIOUS INTERFERENCE WITH CONTRACT UNDER**
**THE COMMON LAW OF THE STATE OF TEXAS**

40.      The allegations set forth in paragraphs 1 through 39 hereof are adopted and incorporated by reference as if fully set forth herein.

41.      At all relevant times, Yurman has had valid Authorized Retailer Agreements with each and every one of its authorized retailers of DAVID YURMAN jewelry products.

42.      Upon information and belief, at all relevant times Sam's Club had actual

knowledge of Yurman's established contractual relationships with its authorized retailers, and was aware that Yurman's Authorized Retailer Agreement expressly prohibits the transshipment, diversion, or transfer of any DAVID YURMAN jewelry products to any other party, directly or indirectly, including, without limitation, Sam's Club.

43.     Yurman has learned that Sam's Club has obtained significant inventories of DAVID YURMAN jewelry products, directly or indirectly, from one or more authorized Yurman retailers, and has offered for sale and sold, and continues to offer for sale and sell such products in Sam's Club stores located throughout the United States, including, without limitation, within this judicial district.

44.     Upon information and belief, Sam's Club could not have acquired such large inventories of DAVID YURMAN jewelry products without having intentionally induced, directly or indirectly, one or more authorized Yurman retailers to breach their Authorized Retailer Agreements with Yurman, and, in fact, Sam's Club did so.

45.     Upon information and belief, Sam's Club has knowingly, wrongfully, maliciously, intentionally, and tortiously interfered with Yurman's contractual relationships and authorized retailer network by, among other things, soliciting, encouraging, and inducing diverted sales of DAVID YURMAN jewelry products in direct violation of Yurman's Authorized Retailer Agreements.  These actions have interfered with, impeded, and hindered Yurman's relationships with its authorized retailer network, and have caused specific harm to Yurman's contractual relationship with the authorized retailers from whom Sam's Club improperly procured DAVID YURMAN jewelry products, and with other authorized Yurman retailers with whom Yurman has contracted.

46.     Sam's Club has no privilege or justification for its actions.

47.     Sam's Club's activities, as alleged, constitute tortious interference with a contract under the common law of the State of Texas.

48.     Sam's Club has refused to desist from these wrongful acts, and therefore Sam's Club has indicated that it intends to continue its unlawful conduct, unless restrained by this Court.

49.     Sam's Club's actions have proximately caused Yurman loss.

50.     Sam's Club's actions have irreparably harmed Yurman and its incalculable goodwill in the DAVID YURMAN brand, and, unless enjoined, will continue to do so in a manner affording Yurman no adequate remedy at law.

**FOURTH CLAIM FOR RELIEF**
**UNFAIR COMPETITION UNDER**
**THE COMMON LAW OF THE STATE OF TEXAS**

51.     The allegations set forth in paragraphs 1 through 50 hereof are adopted and incorporated by reference as if fully set forth herein.

52.     Sam's Club conduct as alleged herein constitutes unfair competition under the common law of Texas.

53.     Sam's Club's acts have irreparably harmed Yurman and, unless enjoined, will continue to do so in a manner affording Yurman no adequate remedy at law.

54.     Sam's Club has refused to desist from these wrongful acts, and therefore Sam's Club has indicated that it intends to continue its unlawful conduct, unless restrained by this Court.

**FIFTH CLAIM FOR RELIEF**
**INJUNCTIVE RELIEF**

55.     The allegations set forth in paragraphs 1 through 54 hereof are adopted and incorporated by reference as if fully set forth herein.

56.     As detailed above, Yurman has requested that Sam's Club cease and desist from advertising, displaying, and selling its wrongfully acquired DAVID YURMAN products, but Sam's Club has refused to do so.  In refusing to desist from these wrongful acts, Sam's Club has indicated that it intends to continue its unlawful conduct unless restrained by this Court.

57.     As alleged herein, Sam's Club's actions have irreparably harmed Yurman and, unless enjoined, will continue to do so in a manner affording Yurman no adequate remedy at law.

58.     Yurman thus requests that this Court order that Sam's Club, its officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with Sam's Club, be preliminarily and permanently enjoined from:

(i)     using the DAVID YURMAN trademark and/or trade names, or any trademarks and/or trade names confusingly similar thereto, in any manner to suggest any association between Sam's Club and Yurman;

(ii)     acquiring, or taking any steps to acquire, any DAVID YURMAN jewelry products in violation of Yurman's Authorized Retailer Agreements, or through any other improper or unlawful channels;

(iii)     selling, or taking any steps to sell, any DAVID YURMAN jewelry products that it acquired in violation of Yurman's Authorized Retailer Agreements, or through any other improper or unlawful channels;

(iv)     engaging in any activity constituting unfair competition with Yurman, or acts or practices that deceive the public and/or the trade;  and

(v)     inducing, assisting, or abetting any other person or business entity in engaging in or performing any of the activities described in Subparagraphs 58(i)-(iv) above.

59.     Sam's Club's continued wrongful acts are causing and continue to damage to Yurman every day.

**PRAYER FOR RELIEF**

WHEREFORE, Yurman demands judgment against Sam's Club as follows:

A.      Finding that, (i) as to Count 1, Sam's Club engaged in willful trademark infringement in violation of 15 U.S.C. § 1114 against Yurman; (ii) as to Count 2, Sam's Club engaged in willful false designation of origin in violation of 15 U.S.C. § 1125(a) against Yurman; (iii) as to Count 3, Sam's Club tortiously interfered with Yurman's contractual relations in violation of the common law of the State of Texas; (iv) as to Count 4, Sam's Club engaged in willful unfair competition in volition of the common law of the State of Texas against Yurman; and (v) as to Count 5, Sam's Club, its officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with Sam's Club be preliminarily and permanently enjoined from:

(1)     using the DAVID YURMAN trademark and/or trade names, or any trademarks and/or trade names confusingly similar thereto, in any manner to suggest any association between Sam's Club and Yurman;

(2)     acquiring, or taking any steps to acquire, any DAVID YURMAN jewelry products in violation of Yurman's Authorized Retailer Agreements, or through any other improper or unlawful channels;

(3)     selling, or taking any steps to sell, any DAVID YURMAN jewelry products that it acquired in violation of Yurman's Authorized Retailer Agreements, or through any other improper or unlawful channels;

(4)     engaging in any activity constituting unfair competition with Yurman, or

acts or practices that deceive the public and/or the trade;

(5)     inducing, assisting, or abetting any other person or business entity in

engaging in or performing any of the activities described in Subparagraphs A(v)(1)-(4) above.

B.     For an award of Yurman's damages suffered by Yurman as a result of Sam's

Club's acts.

C.     For costs of suit, including attorneys' fees where appropriate, and for such other

and further relief as the Court shall deem appropriate.

Dated: Houston, Texas
      September 4, 2014

Respectfully submitted,

ARNOLD & PORTER LLP

*/s/Christopher M. Odell*
Christopher M. Odell, *lead counsel*
Texas Bar No. 24037205
Email: christopher.odell@aporter.com
Hannah Sibiski
Texas Bar No. 24041373
Email: hannah.sibiski@aporter.com
700 Louisiana Street, Suite 1600
Houston, Texas 77002-2755
Telephone:  713-576-2400
Facsimile:  713-576-2499

*Attorneys for Plaintiffs*
*David Yurman Enterprises LLC, and*
*David Yurman IP LLC.*

14

# EXHIBIT A

Int. Cl.: 14

Prior U.S. Cl.: 28

**Reg. No. 1,725,487**

## United States Patent and Trademark Office    Registered Oct. 20, 1992

**TRADEMARK**
**PRINCIPAL REGISTER**

## DAVID YURMAN

YURMAN STUDIOS INC. (NEW YORK CORPO-
RATION)
186 FRANKLIN STREET
NEW YORK, NY 10013

FOR: PRECIOUS METAL JEWELRY, IN
CLASS 14 (U.S. CL. 28).
FIRST USE 0–0–1970; IN COMMERCE
0–0–1971.

OWNER OF U.S. REG. NO. 1,553,674.

"DAVID YURMAN" IS A LIVING INDIVID-
UAL WHOSE CONSENT IS OF RECORD.

SER. NO. 74–244,771, FILED 2–10–1992.

ALICE SUE CARRUTHERS, EXAMINING AT-
TORNEY

1

Int. Cl.: 14

Prior U.S. Cls.: 2, 27, 28, and 50

## United States Patent and Trademark Office

Reg. No. 2,014,167

Registered Nov. 5, 1996

## TRADEMARK
## PRINCIPAL REGISTER

## DAVID YURMAN

YURMAN DESIGN, INC. (NEW YORK CORPO-
RATION)
501 MADISON AVENUE
NEW YORK, NY 10022

FOR: WATCHES, IN CLASS 14 (U.S. CLS. 2,
27, 28 AND 50).
FIRST USE 12–0–1994; IN COMMERCE
12–0–1994.

OWNER OF U.S. REG. NOS. 1,553,674 AND
1,725,487.
"DAVID YURMAN" IDENTIFIES A LIVING
INDIVIDUAL WHOSE CONSENT IS OF
RECORD.

SN 74–533,782, FILED 6–6–1994.

RAUL CORDOVA, EXAMINING ATTORNEY

Int. Cl.: 35

Prior U.S. Cls.: 100, 101, and 102

**United States Patent and Trademark Office**

Reg. No. 2,460,107
Registered June 12, 2001

## SERVICE MARK
### PRINCIPAL REGISTER

## DAVID YURMAN

YURMAN STUDIOS INC. (NEW YORK COR-
PORATION)
501 MADISON AVENUE
NEW YORK, NY 10022

FOR: RETAIL STORE SERVICES FOR JEWELRY,
WATCHES, RELATED ACCESSORIES, IN CLASS 35
(U.S. CLS. 100, 101 AND 102).

FIRST USE 11-26-1999; IN COMMERCE 11-26-1999.

OWNER OF U.S. REG. NOS. 1,553,674, 1,568,254,
AND 1,725,487.

THE MARK IDENTIFIES A PARTICULAR LIV-
ING INDIVIDUAL WHOSE CONSENT IS OF RE-
CORD.

SN 75-585,515, FILED 11-9-1998.

DOUGLAS LEE, EXAMINING ATTORNEY

3